IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DOROTHY WILLIAMS, GWEN
CHAMBERS, ANNIE CLARK, ROBERT
CLARK and TOM COLLINS                                                         PLAINTIFFS

VS.                                                                    NO. 4:04CV368-D-B

CAPITAL ONE BANK                                                              DEFENDANT

OPINION GRANTING MOTION TO REMAND

Presently before the Court is the Plaintiffs' motion to remand. Upon due consideration, the Court finds the motion shall be granted.

*A. Factual Background*

On October 6, 2004, the Plaintiffs filed a complaint in the County Court of Leflore County, Mississippi seeking damages and equitable relief related to credit cards issued by the Defendant. In December of 2004, the Defendant removed the dispute alleging both the presence of a federal question and the existence of complete diversity. Despite the Plaintiffs' attempt to limit their recovery to an amount below the jurisdictional minimum, the Defendant suggests that their claims exceed $75,000. Moreover, the Defendant suggests that federal jurisdiction is appropriate under 28 U.S.C. §1331 because the Plaintiffs' claims involve and arise out of substantial questions of federal law including the Depository Institutions Deregulation and Monetary Control Act of 1980 ("DIDA"), 12 U.S.C. § 1831d. Further, that DIDA preempts the Plaintiffs' state law claims and confers a basis for federal jurisdiction. For reasons discussed below, the Court does not agree.

## B. Discussion

1. Diversity Jurisdiction?

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different states. . ." 28 U.S.C. § 1332(a); Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd., 99 F.3d 746, 751 (5th Cir. 1996). The amount in controversy is deemed satisfied if stated, in good faith, on the face of the complaint. Boelens v. Redman Homes, Inc., 748 F.2d 1058, 1069 (5th Cir. 1984) (attorney's fees and damages for personal injury are not to be included to establish the jurisdictional amount).

The removing party must carry the burden of establishing that federal jurisdiction exists. Manguno v. Prudential Property & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002). A plaintiff may avoid federal court by suing for less than the jurisdictional amount even though she would be entitled to more and the defendant would not be entitled to removal. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294, 58 S. Ct. 586, 593, 82 L. Ed. 845 (1938). Generally, the sum stated in the plaintiff's complaint will control so long as it is made in good faith. Garcia v. Koch Oil Co. of Tex. Inc., 351 F.3d 636, 638 (5th Cir. 2003). Before a court declines to exercise federal jurisdiction, it must appear to a "legal certainty" that the claim is really for less than the jurisdictional amount. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). In other words, "if a defendant can show that the amount in controversy actually exceeds the jurisdictional amount, the plaintiff must

be able to show that, as a matter of law, it is certain that he will not be able to recover more than the damages for which he has prayed in the state court complaint." Id. at 1411. The defendant must show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. Id. at 1412.

In the present dispute, the Court is convinced that all the Plaintiffs are diverse from the single Defendant. However, the Defendant makes a feeble attempt to challenge the amount of damages the Plaintiffs are seeking. The Plaintiffs' state court complaint expressly limits damages to an amount well below the jurisdictional minimum. The complaint specifically disavows any claim for punitive damages and states that all damages "are not to exceed $70,000 for each Plaintiff." See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1330 (5th Cir. 1995) (each plaintiff must allege damages that meet the dollar requirement); More v. Intelcom Support Servs., Inc., 960 F.2d 466, 472-73 (5th Cir. 1992) (in breach of contract suite, claims of all plaintiffs could not be aggregated to satisfy the amount in controversy requirement). The complaint explains that this amount is inclusive of compensatory damages and attorney's fees. Further, in the complaint, the Plaintiffs explicitly swear that they will not amend the complaint to seek greater or punitive damages. The Defendant, on the other hand, has not pointed to any evidence which tends to demonstrate that the Plaintiffs' claims are indeed greater than $75,000. Therefore, in light of the complaint's limiting language which the Court considers binding, and the Defendant's insufficient demonstration, the Court finds that the requisite amount in controversy is not present. The Defendant has failed to prove by a preponderance of the evidence that the Plaintiffs' claims exceed the jurisdictional minimum. Accordingly, if federal jurisdiction is to be extended it must be based on the existence of a federal question.

2. Federal Question Jurisdiction?

In order to determine if a case is properly in a federal forum, the court must look to the "plaintiff's well-pleaded complaint" to see if it raises a federal question. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule" which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pled complaint. Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987). The removing defendant bears the burden of establishing that federal jurisdiction actually exists. De Aguilar, 47 F.3d at 1408. Any ambiguity in the pleadings should be resolved in favor of remand. Manguno, 276 F.3d at 723; Greer v. MAJR Fin. Corp., 105 F. Supp. 2d 583, 591 n.6 (S.D. Miss. 2000).

The Defendant asserts that federal question jurisdiction exists because the Plaintiffs' claims are encompassed by DIDA, 12 U.S.C. § 1831d. The Defendant contend DIDA should be interpreted consistent with the National Bank Act ("NBA") which preempts all state law usury claims. However, the Plaintiffs insist that their claims do not implicate any federal issues and specifically not the NBA or DIDA. In fact, the Plaintiffs' complaint includes the following statement

> The Plaintiffs do not allege that the fees or interest rates charged by Capital One were usurious under the law of any state (including Mississippi) nor do they allege that the rates or fees themselves were per se unlawful or excessive. However, the Plaintiffs do allege that the charging of these fees were [sic] fraudulent and in breach of contract in light of prior representations by Capital One and in light of the breach of the plain language of the contract, subject herein.

Further, the Plaintiffs offer that a sister court has considered the same scenario and held that there is a distinction between claims for usury– alleging rates and fees are excessive– and claims for

breach of contract or fraud which allege that the rates and fees conflict with prior representations made by the defendant. See Dancy v. MBNA Corp., No. 4:02CV419LN, at 3-4 (S.D. Miss. May 15, 2003).

As an initial matter, reference to a federal statute does not, in and of itself, confer federal jurisdiction. Rio Grande Underwriters, Inc. v. Pitts Farms, Inc., 276 F.3d 683, 687 (5th Cir. 2001).[1] This statement has even more force when the recitation of a federal statute is the basis of a defense. Hoskins v. Bekins Van Lines, 343 F.3d 769, 773 (5th Cir. 2003) (citations omitted) ("a defense that relies on 'the pre-emptive effect of a federal statute will not provide a basis for removal.'"). Furthermore, while there is little case law concerning DIDA, generally state courts have concurrent jurisdiction over claims brought pursuant to the National Bank Act. Citizens & S. Nat'l Bank v. Bougas, 434 U.S. 35, 98 S. Ct. 88, 54 L. Ed. 2d 218 (1977); Schuyler Nat. Bank v. Bollong, 150 U.S. 85, 90, 14 S. Ct. 24, 26, 37 L. Ed. 1008 (1893); Daniel v. First Nat. Bank of Birmingham, 227 F.2d 353, 354 (5th Cir. 1956).

However, the Supreme Court recently held that the NBA completely preempts all usury state law claims. Beneficial Nat'l Bank v. Anderson, 539 U.S.1, 11, 123 S. Ct. 2058, 2064, 156 L. Ed. 2d 1(2003) emphasis added ("there is, in short, no such thing as a state-law claim of usury against a national bank."). Beneficial does not stand for the proposition that the NBA preempts all state law claims against a nationally chartered bank. Rather, Beneficial has been interpreted as requiring complete preemption of, specifically, usury state laws. Hoskins, 343 F.3d at 773. The Defendant relies on this complete preemption theory as a basis for the alleged existence of federal question jurisdiction under DIDA.

---

[1] The Plaintiffs' complaint does not reference any federal law.

There are two circumstances under which a state court action may become removable: (1) "when Congress expressly so provides," or (2) "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." Beneficial, 539 U.S. at 8. Since DIDA does not expressly provide for removal of all claims, removal based on a federal question is appropriate if the common law claims for breach of contract and fraud are completely preempted. A federal statute preempts state law claims, no matter how artfully pled, when the federal statute "so forcibly and completely displace[s] state law that the plaintiff's cause of action is either wholly federal or nothing at all." Hoskins, 343 F.3d at 773 (citations omitted). Complete preemption is warranted over a plaintiff's purely state law claims when the defendant demonstrates,

> (1) the statute contains a civil enforcement provision that creates a cause of action that both replaces and protects the analogous area of state law;
> (2) there is a specific jurisdictional grant to the federal courts for enforcement of the right; and
> (3) there is a clear Congressional intent that claims brought under the federal law be removable.

Id. at 775 (citations omitted). With regard to the third element, the Fifth Circuit has recognized that Beneficial represents "a shift in focus from Congress's intent that the claim be removable, to Congress's intent that the federal action be exclusive." Hoskins, 343 F.3d at 776. Hence, once such a demonstration is made, the claim then becomes removable under 28 U.S.C. § 1441(b). Beneficial, 539 U.S. at 8.

The primary objective of DIDA was to achieve a measure of competitive equity between national banks and state-charted banks by permitting federally insured state-chartered banks to enjoy the same "most favored lender" status as national banks. 12 U.S.C. § 1831d(a); Hunter v. Greenwood Trust Co., 640 A.2d 855, 858 (N.J. Super. App. Div. 1994), rev'd on other grounds, 668

A.2d 1067 (N.J. 1995), <u>vacated on other grounds</u>, 517 U.S. 1241, 116 S. Ct. 2493, 135 L. Ed. 2d 186 (1996). In light of DIDA's objective and its use in this case as a defense tactic, the Court is not entirely satisfied that the Defendant, the removing party, has demonstrated the existence of a federal question. To the contrary and consistent with a sister court's holding, there is a distinction between a claim for usury and the breach of contract and fraud claims the Plaintiffs herein are asserting. <u>Dancy</u>, No. 4:02CV419LN, at 4. The Plaintiffs have not alleged the rates and fees charged were excessive or usurious. Rather, the Plaintiffs contend that the rates and fees are not consistent with the Defendant's prior representations and contractual language. As they may appropriately choose, the Plaintiffs clearly have attempted to avoid federal jurisdiction by admitting they are not making claims for usury. Even assuming for a moment that federal law is implicated, it is difficult to imagine that Congress intended to displace all common law claims by enacting DIDA. There is no expressed indication of a congressional desire to usurp States' power to protect their own citizens from a bank's fraudulent activity. Contrary to the overt preemption of usury laws, neither the NBA nor DIDA contain a similar provision for preemption of a common law breach of contract or fraud claim.

A common law breach of contract or fraud claim does not directly or indirectly obstruct, impair or condition a bank's exercise of its authorized lending activities. These sort of garden variety contract and fraud claims only incidentally affect a bank's lending powers. Hence, the Court finds that the Plaintiffs' breach of contract and fraud claims are not preempted by DIDA. More importantly, the Plaintiffs' complaint does not present a federal question and, therefore, does not confer a basis for federal jurisdiction.

*C. Conclusion*

In sum, the Court finds that while complete diversity is present, the amount in controversy has not been met. Resultantly, removal based on diversity jurisdiction is unfounded. The Court further finds that DIDA does not preempt the Plaintiffs' contract and fraud claims. Therefore, there is no basis for removal under 42 U.S.C. § 1331, federal question jurisdiction. Thus, the Plaintiffs' motion to remand should be granted.

A separate order in accordance with this opinion shall issue this day.

This the 27th day of April 2005.

/s/ Glen H. Davidson
Chief Judge